FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUL 28 2020

RICK WARREN
COURT CLERK
50_____

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

(1) KRISTA RAMIREZ,

    Plaintiff,

v.

(1) STATE OF OKLAHOMA ex rel. BOARD OF REGENTS FOR THE REGIONAL UNIVERSITY SYSTEM OF OKLAHOMA, and

(2) SOUTHEASTERN OKLAHOMA STATE UNIVERSITY,

    Defendants.

CJ-2020-3455

Case No. CJ-2020-

## PETITION

COMES NOW THE PLAINTIFF, and for her cause of action herein alleges and states as follows:

1. Plaintiff is Krista Ramirez, an adult resident of the State of Oklahoma.
2. Defendant is State of Oklahoma ex rel. Board of Regents for the Regional University System of Oklahoma, a public entity.
3. Defendant is Southeastern Oklahoma State University, a public entity in the State of Oklahoma.

### CLAIMS AND VENUE

4. Plaintiff's causes of action are for Defendants' violations of the Americans with Disabilities Act ("ADA"), Oklahoma Anti-Discrimination Act ("OADA"), and the Family Medical Leave Act ("FMLA").
5. All of the acts described herein occurred in the State of Oklahoma, and

Exhibit 2

Defendants can be served in Oklahoma County.

## STATEMENT OF FACTS

6. Defendants are considered a public agency under the FMLA, ADA, and OADA, and is covered employer under the aforementioned statutes.

7. Plaintiff was an employee of Defendants that was hired on or about September 16, 2013 and was employed as an Instructional Designer most recently until her termination on or about October 10, 2019.

8. During Plaintiff's time of employment, she informed Defendants of serious health conditions that required her to take leave from work. These include a bowel collapse in the fall of 2018 and endometriosis with subsequent surgery for a hysterectomy in June 2019. Additionally, Plaintiff informed Defendants of a terminal disease that her husband was diagnosed with in February 2019.

9. Plaintiff was required to take protected leave under the FMLA in September 2018 for her bowel collapse and June 2019 for her hysterectomy. After her bowel collapse leave, Plaintiff was disciplined for her previously approved medical absences in her December 2018 performance evaluation. Plaintiff complained about this discriminatory and retaliatory treatment.

10. In requesting leave for her June 2019 hysterectomy, Defendants informed Plaintiff that she was not able to take leave, despite actually being eligible for medical leave. After insisting on the medical necessity, Defendants ultimately approved her leave for her hysterectomy. This resulted in Plaintiff being off work for approximately five weeks until

Exhibit 2

July 22, 2019.

11. In August 2019, Plaintiff was given a counseling report recommending her termination within thirty days. This was unexpected because in April 2019, Plaintiff was given an above-average performance review.

12. In September 2019, Plaintiff requested accommodations for anxiety that she was enduring as a result of a hostile work environment. Additionally, Plaintiff requested an accommodation for intermittent leave for her husband's terminal medical condition. Also, Plaintiff complained to Defendants of discrimination related to her disability and her husband's disability.

13. On or about October 10, 2019, Defendants terminated Plaintiff's employment.

14. As a direct result of the Defendant's conduct, Plaintiff has suffered wage loss (including back, present, and front pay) and emotional distress/dignitary harm damages.

15. Plaintiff has exhausted her administrative remedies by timely filing a charge of discrimination on or around December 19, 2019. The EEOC issued Plaintiff's right to sue letter on July 20, 2020, and Plaintiff received such letter thereafter. This lawsuit is timely filed within ninety days of Plaintiff's receipt of her right to sue letter.

16. Defendants subjected Plaintiff to retaliation, including termination and discipline, for her opposing unlawful discrimination in violation of the ADA, OADA, and FMLA.

17. Defendants subjected Plaintiff to retaliation, including termination and

**Exhibit 2**

discipline, for exercising her rights under the ADA, OADA, and FMLA.

18. Defendants interfered with Plaintiff's ability to exercise her rights under the FMLA.

19. Under the statutes mentioned, Plaintiff is entitled to compensation for all lost wages and benefits arising from the termination.

20. Under the OADA and FMLA, Plaintiff is entitled to liquidated damages matching her actual losses due to Defendants' wrongful conduct.

21. Under the ADA and the OADA, Plaintiff is also entitled to recover damages for the dignitary harms suffered as a result of such termination.

22. Because the actions of Defendants were willful, malicious, or in reckless disregard for Plaintiff's rights, Plaintiff is entitled to an award of punitive damages.

**PRAYER**

The actual damages under Plaintiff's claims exceeds Ten Thousand Dollars ($10,000.00).

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendants and assess an award of actual, compensatory, and punitive damages together with pre- and post-judgment interest, costs, attorneys' fees, and such other relief as this Court may deem equitable and appropriate.

**Exhibit 2**

/s/ D. Colby Addison
D. Colby Addison, OBA #32718
Leah M. Roper, OBA #32107
THE CENTER FOR EMPLOYMENT LAW
1133 N. PORTLAND AVE.
Oklahoma City, OK 73107
Telephone: 405.252.1180
colby@centerforemploymentlaw.com
ATTORNEYS FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**

**Exhibit 2**