# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) KRISTA RAMIREZ,

    Plaintiff,

v.

(1) **STATE OF OKLAHOMA** ex rel. **BOARD OF REGENTS FOR THE REGIONAL UNIVERSITY SYSTEM OF OKLAHOMA,** and

(2) **SOUTHEASTERN OKLAHOMA STATE UNIVERSITY,**

    Defendants.

Case No. 20-CV-00845-G

## PLAINTIFF'S FIRST AMENDED COMPLAINT[1]

**COMES NOW THE PLAINTIFF**, and for her cause of action herein alleges and states as follows:

1. Plaintiff is Krista Ramirez, an adult resident of the State of Oklahoma.

2. Defendant is State of Oklahoma ex rel. Board of Regents for the Regional University System of Oklahoma, a public entity.

3. Defendant is Southeastern Oklahoma State University, a public entity in the State of Oklahoma.

## CLAIMS AND VENUE

4. Plaintiff's causes of action are for Defendants' violations of the Americans with Disabilities Act ("ADA"), Oklahoma Anti-Discrimination Act ("OADA"), the Family Medical Leave Act ("FMLA"), and the

---

[1] The initial document filed in Oklahoma County was titled "Petition." This term will now be referred to herein as "Complaint."

Rehabilitation Act.

5. All of the acts described herein occurred in the State of Oklahoma, and Defendants can be served in Oklahoma County.

## STATEMENT OF FACTS

6. Defendants are considered a public agency under the FMLA, ADA, OADA, and Rehabilitation Act, and is covered employer under the aforementioned statutes.

7. At all relevant times, Plaintiff was employed by Defendants for at least 1,250 hours of service during the twelve (12) month period immediately preceding all acts. Additionally, at all relevant times, Plaintiff had remaining FMLA-covered days available to her.

8. Plaintiff was an employee of Defendants that was hired on or about September 16, 2013 and was employed as an Instructional Designer most recently until her termination on or about October 10, 2019. At all times during Plaintiff's time of employment with Defendants, she met the legitimate skill, experience, education, and all other requirements of the Instructional Designer position and could perform the essential functions of her position with or without reasonable accommodation. This, of course, is evidenced by Defendants continued employment of Plaintiff for a period of six years and multiple performance evaluations setting forth Plaintiff's "exceptional" work skills and characteristics.

9. Plaintiff is diagnosed with endometriosis and has suffered from a bowel collapse and was required to undergo a hysterectomy during her time of employment with Defendant. Plaintiff experiences significant

impairments to major life activities and major bodily functions including (but not limited to)

a. Functions of the immune system;
b. Circulatory system;
c. Endocrine system; and
d. Chronic pain.

10. During Plaintiff's time of employment, she informed Defendants of serious health conditions that required her to take leave from work. These include a bowel collapse in the fall of 2018 and endometriosis with subsequent surgery for a hysterectomy in June 2019. Additionally, Plaintiff informed Defendants of a terminal disease, Autosomal Dominant Polycystic Kidney Disease, that her husband was diagnosed with in February 2019.

11. Plaintiff was required to take protected leave under the FMLA in September 2018 for her bowel collapse and June 2019 for her hysterectomy. After her bowel collapse leave, Plaintiff was disciplined for her previously approved medical absences in her December 2018 performance evaluation. Plaintiff complained about this discriminatory and retaliatory treatment.

12. In requesting leave for her June 2019 hysterectomy, Defendants informed Plaintiff that she was not able to take leave, despite actually being eligible for medical leave. After insisting on the medical necessity, Defendants ultimately approved her leave for her hysterectomy. This resulted in Plaintiff being off work for approximately five weeks until

July 22, 2019.

13. In August 2019, Plaintiff was given a counseling report recommending her termination within thirty (30) days. This was unexpected because in April 2019, Plaintiff was given an above-average performance review.

14. In September 2019, Plaintiff requested accommodations for anxiety that she was enduring as a result of a hostile work environment. Additionally, Plaintiff requested an accommodation for intermittent leave for her husband's terminal medical condition. Also, Plaintiff complained to Defendants of discrimination related to her disability and her husband's disability.

15. On or about October 10, 2019, Defendants terminated Plaintiff's employment.

16. As a direct result of the Defendant's conduct, Plaintiff has suffered wage loss (including back, present, and front pay) and emotional distress/dignitary harm damages.

17. Plaintiff has exhausted her administrative remedies by timely filing a charge of discrimination on or around December 19, 2019. The EEOC issued Plaintiff's right to sue letter on July 20, 2020, and Plaintiff received such letter thereafter. This lawsuit is timely filed within ninety days of Plaintiff's receipt of her right to sue letter.

18. Plaintiff has exhausted the administrative process by timely providing written notice of the tort claim to the Office of Management and Enterprise Services, Office of Risk Management Administrator on April 6, 2020, and written notice of the tort claim to the Board of Regents

for the Regional University System of Oklahoma on April 4, 2020. Plaintiff's claim was deemed denied on July 5, 2020, and this lawsuit was timely filed within the allotted one hundred and eighty (180) day period after such denial.

19. Defendants subjected Plaintiff to retaliation, including termination and discipline, for her opposing unlawful discrimination in violation of the ADA, OADA, Rehabilitation Act, and FMLA.

20. Defendants subjected Plaintiff to retaliation, including termination and discipline, for exercising her rights under the ADA, OADA, Rehabilitation Act, and FMLA.

21. Defendants interfered with Plaintiff's ability to exercise her rights under the FMLA.

22. Under the statutes mentioned, Plaintiff is entitled to compensation for all lost wages and benefits arising from the termination.

23. Under the OADA and FMLA, Plaintiff is entitled to liquidated damages matching her actual losses due to Defendants' wrongful conduct.

24. Under the ADA, Rehabilitation Act, and the OADA, Plaintiff is also entitled to recover damages for the dignitary harms suffered because of such termination.

25. Defendants' acts were willful, malicious, or in reckless disregard of Plaintiff's rights under the ADA, Rehabilitation Act, the OADA, and FMLA.

## **PRAYER**

The actual damages under Plaintiff's claims exceeds Ten Thousand Dollars ($10,000.00).

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendants and assess an award of actual, compensatory, and liquidated damages together with pre- and post-judgment interest, costs, attorneys' fees, and such other relief as this Court may deem equitable and appropriate.

s/D. Colby Addison
D. Colby Addison, OBA #32718
Leah M. Roper, OBA #32107
THE CENTER FOR EMPLOYMENT LAW
1133 N. PORTLAND AVE.
Oklahoma City, OK 73107
Telephone: 405.252.1180
colby@centerforemploymentlaw.com
leah@centerforemploymentlaw.com
ATTORNEYS FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**

## **CERTIFICATE OF SERVICE**

  This is to certify that on September 15, 2020 a true and correct copy of the foregoing instrument was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Dixie L. Coffey, OBA #11876
Jeb E. Joseph, OBA #19137
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521.3921
Facsimile:  (405) 521.4518
dixie.coffey@oag.ok.gov
jeb.joseph@oag.ok.gov
*ATTORNEYS FOR DEFENDANT*

              *s/D. Colby Addison*